IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-50081
Summary Calendar

BETTY MARIE DUSING,

Plaintiff-Appellant,

versus

TOGO D. WEST, JR.,
in his official capacity as United States Secretary of the Army,

Defendant-Appellee.

Appeal from the United States District Court for the
Western District of Texas
(EP-92-CV-21)

November 20, 1997

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The executrix of John Addis' estate, Betty Marie Dusing, appeals the district court's finding that John Addis was not "otherwise qualified" within the meaning of the Rehabilitation Act. Specifically, Dusing argues that the district court erred in requiring her, rather than the Army (Addis' former employer), to prove that Addis remained qualified after taking disability retirement. She also argues that the district court erred by ignoring evidence that Addis continued to be capable of performing

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

work after taking disability retirement.

The district court did not err in requiring Dusing to prove that Addis was "otherwise qualified." In this circuit, a Rehabilitation Act plaintiff bears the burden of proving that he or she is otherwise qualified, or capable of performing the essential functions of a given job. Chandler v. City of Dallas, 2 F.3d 1385, 1390 (5th Cir. 1993). To determine whether an individual is otherwise qualified for a given job, we conduct a two part inquiry. Id. at 1393. First, we determine whether the individual can perform the essential functions of the job. Id. Second, if (but only if) we conclude that the individual is not capable of performing the essential functions of the job, we then determine whether any reasonable accommodation by the employer would enable the individual to perform those functions. Id. at 1393-94. If the employee demonstrates that the suggested accommodation is reasonable in the "run of cases," an employer may still prevail by carrying its burden of proof on one of two affirmative defenses: undue burden or business necessity. Reil v. Electronic Data Sys. Corp., 99 F.3d 678, 681-82 (5th Cir. 1996).

Dusing argues that the district court erred by requiring her to prove that Addis was otherwise qualified without considering what she has termed the "burden shifting effect" of Addis' requested accommodation. However, the district court found that Addis could not be accommodated such that he could perform the essential elements of his position. Dusing has not challenged that finding. Therefore, the reasonableness of the accommodation is not

2

at issue. Clearly, the district court did not err by requiring Dusing to prove that Addis was otherwise qualified.

Dusing invites us to depart from this circuit's well settled precedent and carve out an exception to our rules allocating burdens of proof when the factors of progressive illness and hostile work environment are present. We decline this invitation. As discussed above, a Rehabilitation Act plaintiff bears the burden of proving that he or she is otherwise qualified. <u>Chandler</u>, 2 F.3d at 1394; <u>Chiari v. City of League City</u>, 920 F.2d 311, 315 (5th Cir. 1991).

The district court's finding that Addis was not a qualified individual with a handicap under the Rehabilitation Act was not clearly erroneous. Whether an employee is a qualified individual with a handicap is a question of fact to be reviewed for clear error. <u>Leckelt v. Bd. of Comm'rs of Hosp. Dist. No. 1</u>, 909 F.2d 820, 827 (5th Cir. 1990). After carefully reviewing the record, we conclude that the district court's finding is plausible in light of the record as a whole. <u>See</u> <u>United States v. Bermea</u>, 30 F.3d 1539, 1575 (5th Cir. 1994), <u>cert</u>. <u>denied</u>, 514 U.S. 1097 (1995).

Therefore, for the foregoing reasons, the District Court's judgment is

AFFIRMED.

3